IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KASSANDRA S. HERSTGAARD,

Plaintiff,

v. CASE NO. 1:07-cv-00002-MP-AK

CHERRYDEN LLC,
CNL INCOME AND GROWTH CORP,
DENS 5 & 6 LLC,

Defendants.

_____________________________/

**REPORT AND RECOMMENDATION**

This cause is before the Court on Defendants' motion to dismiss Plaintiff's complaint filed pursuant to ADEA and Title VII as untimely. Doc. 27. Alternatively, they request that the complaint be dismissed for insufficiency of service. *Id.* Plaintiff has filed a response, Doc. 33, and Defendants have filed a reply. Doc. 37. The motion is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the motion to dismiss be denied.

**BACKGROUND**

Plaintiff filed a charge of discrimination with the EEOC on March 9, 2006. Doc. 1. The EEOC issued a right to sue letter on September 22, 2006, which Plaintiff received, according to a notation on the bottom of the letter, on October 3, 2006. *Id.* That letter plainly informed Plaintiff that she must file suit "**WITHIN 90 DAYS of your receipt of this notice**" or the "right

to sue based on this charge will be lost." *Id*.

The instant suit was filed on January 3, 2007, which is 92 days after Plaintiff received the right to sue letter. According to Plaintiff, she placed the complaint in the mail on Saturday, December 30, 2006, approximately 10 days after settlement negotiations between the parties collapsed. The complaint was mailed from Gainesville, Florida, via certified, priority mail, return receipt requested, to the Clerk's Office in Gainesville, Florida. Plaintiff places the blame for the tardiness of the filing on the shoulders of the United States Postal Service.

Plaintiff's complaint should have been filed on or before January 1, 2007. However, because January 1, was an official court holiday, the time for filing was automatically extended to January 2, 2007, the next day that the Court would normally have been open for business. *See* Fed. R. Civ. P. 6. The Court was not open, however, on January 2, as it was officially closed after President Bush ordered the closing of all governmental agencies on that day as a day of respect for former President Gerald Ford. *See* www.whitehouse.gov. The complaint was filed on the next day that the Court was open for business, January 3, and it was therefore timely filed.

Alternatively, Defendants request variously that the complaint be dismissed for insufficiency of service or that Plaintiff be required to accomplish proper service on Defendants or their registered agents. Doc. 27 at 2 & 2 n.2. Despite the fact that the Court had plainly set forth the requirements for service on corporate defendants, Doc. 16, according to the exhibits attached to the motion to dismiss, Plaintiff attempted service on counsel for Defendants, rather than on them personally or on their registered agents. *See* Doc. 27, Ex. D & E.

In response, Plaintiff maintains that her failure properly to serve Defendants was based on good cause. According to her, Defendants provided an incorrect address to the Florida

Department of State, Division of Corporations, and thus, even if she had tried to serve them at the address provided on the website, service would have been rejected. This conclusion is based on Plaintiff's attempts to mail her motion for extension of time to the registered agent at the agent's physical address, rather than the mailing address.

The summonses issued in this case in care of counsel for Defendants and the service effected on her through her legal assistant plainly did not comply with the Court's order directing service or with the requirements for serving corporations under Fed. R. Civ. P. 4. Plaintiff does not explain why she did not follow the Court's order but instead chose to serve counsel. While some attorneys will accept service on behalf of their clients, there is no indication that instant defense counsel made such a representation to Plaintiff or that she otherwise had any authority to accept service on behalf of Defendants. *See* Doc. 27, Ex. F. Furthermore, Plaintiff's argument that Defendants misrepresented their mailing and service addresses to the Florida Department of State is completely belied by the exhibit she herself attached to her reply. *See* Doc. 33. In this Court's view, Plaintiff has not shown good cause for her failure timely to serve Defendants.

This does not end the inquiry, however, as the Court can extend the time for proper service of process pursuant to Rule 4(m) even in the absence of good cause. *Horenkam v. Van Winkle and Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005). "'Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Id*. at 1132-33 (citation omitted). The running of the statute of limitations does not, however, "require that a district court extend the time for service of process...." *Id*. at 1133.

There can be no dispute that if the Court dismisses this case for insufficiency of process, it cannot be refiled, as the statute of limitations has plainly expired. As noted, Defendants did not evade service, as the mailing and physical addresses for the registered agent for service of process were plainly listed on a public website. Although Defendants did not conceal the defect in service, they did not bring the deficiency to Plaintiff's attention until immediately before the 120-day service deadline was set to expire on October 16, 2007. Defendants were given notice of suit via the improper service on September 17, 2007. *See* Docs. 23-25. On October 8, Defendants filed the instant motion to dismiss, which was simultaneously served on Plaintiff in New Mexico via regular first class mail. Plaintiff received the motion on October 15, one day before the 120 days for service expired. It would be absolutely unreasonable to think that Plaintiff, who has represented to the Court that she is proceeding *pro se*, could have effected service within 24 hours of being put on notice that service was defective. There is no indication in the record that counsel for Defendants informally placed Plaintiff on notice of the defect before the filing of the motion to dismiss.

Under these circumstances, the alternative request for dismissal should be also be denied, with the Court exercising its discretion and permitting a limited time for proper service of process. *Cf. Melton v. Wiley*, 2008 WL 124707 (11th Cir. Jan. 15, 2008) (district court did not abuse its discretion in refusing to extend time for service though court of appeals might have decided differently if it had been presented with issue in first instance where defendant was on notice of suit and statute of limitations had expired preventing refiling).

Accordingly, it is respectfully **RECOMMENDED** that the motion to dismiss, Doc. 27, be **DENIED**, and that this cause be **REMANDED** to the undersigned for further proceedings.

**IN CHAMBERS** at Gainesville, Florida, this ***1st*** day of April, 2008.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**