# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**KASSANDRA S. HERSTGAARD,**

    **Plaintiff,**

**vs.**                                                            **CASE NO. 1:07CV02-MP/AK**

**CHERRYDEN, LLC, et al.,**

    **Defendants.**

_____/

# O R D E R

By prior order dated June 2, 2009, the Court allowed Plaintiff's counsel to withdraw from further representation and set July 1, 2009, as the deadline for Plaintiff's new counsel to file a notice of appearance or for Plaintiff unequivocally to advise the Court of her intention to proceed with this matter *pro se*. Doc. 64. In that order, the Court also advised the parties that the discovery and motion deadlines which were being extended "for **thirty (30) days** from the date that...Plaintiff indicates her intention to proceed *pro se*," would be strictly enforced and would not be extended absent exigent circumstances. *Id*. The Court also encouraged the parties to use their best efforts amicably to resolve the case without further expenditures of time and money and left open the possibility that it would "consider entertaining a telephonic settlement conference without the usual requirement of personal attendance in chambers." *Id*.

Thereafter, Plaintiff missed the deadline for advising the Court that she would continue *pro se*, explaining that she had inadvertently left her notice of intention out of a motion for settlement conference, which she had filed several days earlier. *See* Docs. 67 & 69.

The Court overlooked the missed deadline when Defendants raised it as grounds for dismissal but granted Defendant's alternative motion to compel both Plaintiff's discovery responses and her attendance at her deposition on July 16, 2009. Doc. 72; *see also* Doc. 68. The Court set the deadline for responding to the outstanding discovery responses at 12:00 p.m., July 15, 2009, and advised the parties that it would take the motion for settlement conference under advisement after Plaintiff's deposition. Doc. 72. Because of the date and time-sensitive nature of the Court's ruling, two members of the undersigned's staff separately instructed the docket clerk to e-mail Plaintiff, who resides in New Mexico, a copy of the order so there would be no question about whether she received notice of the Court's decision. While the clerk did not note the sending of the e-mail on the docket sheet, as evidenced by the attached exhibit, she fully complied with her instructions and e-mailed the order to Plaintiff on Monday, July 13, 2009, at 2:15 p.m. EST. *See* Ex. A. The e-mail was not returned to the docket clerk as undeliverable, nor is there any indication from the information technology staff that the Notice of Electronic Filing associated with the filing of the order itself was likewise undeliverable.

On the afternoon of July 15, 2009, Plaintiff telephoned chambers, seeking advice regarding how to proceed, as she had, according to her, only just learned about the noon deadline, after another docket clerk e-mailed the order to her at the same e-mail address to which the July 13 e-mail was sent, i.e., the e-mail address which Plaintiff provided to the Court as the electronic method of contacting her. Plaintiff was told by the law clerk that she must file a

motion and that the Court would allow the motion to be filed by fax. At 4:56 p.m. EST, Plaintiff's emergency motion requesting extensions of time was received in the Clerk's Office. Doc. 75. The clerk filed the motion three minutes later. Approximately 90 minutes after the first fax was sent to the Clerk's Office, Plaintiff faxed an amended emergency motion, which, because the Court had closed for the day, was not actually filed until the morning of July 16, 2009. Doc. 76. At 6:17 p.m. CST, on July 15, Defendants responded to Plaintiff's emergency motion, even though it had not been docketed. Doc. 74.

The gist of Plaintiff's amended motion is that due to "exigent circumstances of continuing unemployment" and her lack of notice of the July 13 order, her deposition should be rescheduled and she should be allowed to appear for the deposition telephonically since she "has no friends or relatives from which to borrow money to travel to Gainesville, Florida." Doc. 76. She does not, however, allege that she did not receive notice of the deposition, and she does not explain how the alleged failure to receive the July 13 order prevented her from attending her deposition or from earlier seeking to reschedule the deposition .

In short, because Plaintiff waited until almost 5:00 p.m. on the day before her deposition was scheduled to commence, the Court could not rule on the motion in time to stop the deposition. The Court has already been down this road with Plaintiff after Defendants filed an emergency motion to compel Plaintiff's attendance at a previously noticed deposition. By order dated May 15, 2009, the Court denied the motion to compel but very pointedly instructed Plaintiff on the rules of discovery as they relate to depositions:

> Plaintiff apparently misunderstands how this process works. She does not have the right to schedule her deposition at her absolute convenience. It is always preferable if the parties agree to a date and time for deposition, but is not **required** that they do. What is required is that a good faith effort be made in

> scheduling, but if depositions need to be scheduled because deadlines are running then reasonable notice of the deposition, typically ten days, is all that is required.
>
> * * *
>
> A person claiming they cannot attend their deposition after reasonable notice has the burden to show good cause why they cannot attend. Rule 26(c), Federal Rules of Civil Procedure. Good cause has **not** been shown here. Even if Plaintiff wanted more time to consider the settlement offer, even if her attorney mis-spoke on her behalf, she has still not offered any reason why she could not attend her deposition [on May 18, 2009] in a good faith effort to facilitate discovery and accommodate Defendants who have gone to great length and expense to accommodate her. Defendants were willing to travel to New Mexico to take Plaintiff's deposition. The law does not require this effort, in fact, the general rule is that a plaintiff must make herself available for deposition in the district where the action is pending. *See* 8A Fed. Practice & Procedure § 2112. Plaintiff chose this forum when she filed this lawsuit and if she chooses to move after filing the action then she must bear the burden and expense of prosecuting an action long distance.
>
> * * *
>
> **[W]hen Plaintiff's deposition is rescheduled it shall be held here in the Northern District of Florida**.

Doc. 60 (emphasis in original). The Court reiterated at the end of the Order that "Plaintiff shall appear for her deposition at a date and time to be set after the issue of representation is determined, but the place of her deposition will be in the Northern District of Florida. *Id*.

Once again, even more so at the eleventh hour than before, Plaintiff has failed to attend her deposition which was reasonably noticed by Defendants. As evidenced by the attachments to their response to the instant motion, on July 2, 2009, counsel for Defendants sent Plaintiff an e-mail advising her that it was noticing her deposition for July 16, and inviting Plaintiff to let her know "as soon as possible if this date is not convenient for you." Doc. 74 , Ex. A. Hard copies of the notice were mailed to two different addresses for Plaintiff. *Id*. According to Defendants, neither the e-mail nor the notices were returned as undeliverable. Doc. 74. On Monday, July 13, at 1:54 p.m. CST, counsel sent Plaintiff another e-mail asking her whether she planned to attend

her deposition in Gainesville on July 16. Doc. 74, Ex. C. This e-mail, which was sent approximately 45 minutes after the clerk sent Plaintiff the order compelling discovery and Plaintiff's attendance at her deposition, and was sent to the e-mail address which the Court and defense counsel have been routinely using, was likewise not returned as undeliverable. Doc. 74. There is no evidence that Plaintiff attempted to confer in any manner whatsoever with defense counsel regarding the deposition before unilaterally filing the instant motion or failing to appear for the deposition.

Having carefully considered the matter, the Court finds that the amended emergency motion for extension of deadlines is not well taken, and it is denied. Even giving Plaintiff the benefit of the doubt that she did not receive either the e-mail from the docket clerk or the NEF from the Court regarding the July 13 order or counsel's e-mail regarding Plaintiff's attendance at the deposition, she has offered no credible justification for failing to attend her deposition in Gainesville, a fact which the Court assumes to be true, since she was indisputably in New Mexico late Wednesday afternoon when she faxed the motions to this Court. Indeed, when she called the Court on Thursday morning, she indicated that she was in fact still in New Mexico at that time. As the Court has previously told Plaintiff, a lack of funding to continue litigation which she initiated is not good cause for failing to participate in discovery in good faith. Her failure to appear in Gainesville for her properly noticed deposition--especially after the Court told her in no uncertain terms in its May 15 order that her deposition would be taken in the Northern District of Florida--or at the very least to have sought relief from the notice of deposition earlier, most certainly has caused Defendants additional and needless expense and is counter to everything expected in Fed. R. Civ. P. 1, i.e., the just, speedy, and inexpensive determination of this action, and the rules of discovery. Defendants are entitled to defend

themselves in good faith from Plaintiff's charges of discrimination, and she has persisted at every turn in thwarting those attempts.

themselves in good faith from Plaintiff's charges of discrimination, and she has persisted at every turn in thwarting those attempts.

Given the fact that the time for the deposition has now passed, the Court cannot further compel her attendance at the July 16 deposition.  If Defendants choose to re-notice the deposition, they may certainly do so.  The Court can, however, order Plaintiff to produce her outstanding discovery responses, and the Court will set that deadline later in this order, a deadline which **shall not be extended for any reason**.

Furthermore, the Court does not believe that a settlement conference, either telephonically or in person, would be fruitful.  When the Court issued the order suggesting the parties consider settlement, it believed they were only $1,000 apart in their negotiations.  Plaintiff's demand in the motion for settlement conference, Doc. 67, is almost $33,000, a figure far removed from the point the Court thought the parties had reached.  The motion for settlement conference will therefore be denied.  If the parties jointly request a settlement conference, then the Court will consider the issue anew.

In fairness to Defendants, the Court will extend the discovery deadline to August 24, 2009, and the motion deadline to September 24, 2009.  **Under no circumstances, exigent or otherwise, will these deadlines be further extended**.  In making these extensions, however, the Court expresses no opinion on the course of this litigation or on the merits of any motions which might be filed in the interim.

Finally, the Court will direct the Clerk (1) to e-mail this order to Plaintiff, (2) to make a docket entry documenting that the e-mail was sent, and (3) to mail this order to her by priority mail, with delivery confirmation.  In this way, the Court will be satisfied that it has gone above and beyond its duties in notifying Plaintiff of its actions and that she has sufficient time to meet the deadline for submitting her discovery responses to Defendants.

Accordingly, it is **ORDERED**:

That Plaintiff's amended emergency motion for extension of deadlines, Doc. 76, is **DENIED**;

That no later than **Monday, August 3, 2009, at 5:00 p.m. EST**, Plaintiff shall serve on Defendants, both by e-mail and by fax, her outstanding discovery responses;

**That under no circumstances shall this deadline be extended**;

That Plaintiff's motion for settlement conference, Doc. 67, is **DENIED**;

That the deadline for discovery is extended to **August 24, 2009**;

That the deadline for filing dispositive motions is extended to **September 24, 2009**;

**That these deadline shall not be further extended**;

That the Clerk shall (1) e-mail this order to Plaintiff after it is filed, (2) make a contemporaneous docket entry reflecting the sending of the e-mail, and (3) mail a hard copy of the order to Plaintiff at her last known address as reflected on the Court's official docket by priority mail, with delivery confirmation.

**DONE AND ORDERED** this __22nd__ day of July, 2009.

                     *s/ A. KORNBLUM*
                     **ALLAN KORNBLUM**
                     **UNITED STATES MAGISTRATE JUDGE**