IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KASSANDRA S HERSTGAARD,

    Plaintiff,

v.                                                                       CASE NO. 1:07-cv-00002-MP-AK

CHERRYDEN LLC, CNL INCOME
AND GROWTH CORP, DENS 5 & 6 LLC,

    Defendants.

_____/

## **O R D E R**

This matter is before the Court on Docs. 79 and 93, the Defendants' amended motion to dismiss this case due to Plaintiff's repeated refusals to cooperate in discovery, to follow orders of the Court, to keep the Court apprised of her address, to appear for scheduled depositions, or to even give proper notice that she would not be appearing at said depositions. The Defendants have been immensely patient and flexible in repeatedly attempting to arrange Plaintiff's deposition, and Plaintiff has returned that patience with a cavalier refusal to even notify Defendant in advance that she would not be honoring the deposition notices. Moreover, Plaintiff has changed addresses without informing the court of her proper address on four different occasions. See Doc. 20, 100, 107, and 113.

Despite the long history of Plaintiff's non-cooperation and despite the long history of Plaintiff not obeying the orders of the Court, the Magistrate Judge patiently recommended giving the Plaintiff one more chance. In the Report and Recommendation at Doc. 109, the Magistrate Judge recommended denying the motions to dismiss but instructed that plaintiff should immediately begin cooperating in discovery, that no more discovery extensions would be

granted, and that the Court expected Plaintiff to live up to her previous promise that she would be available for deposition in Gainesville, Florida.

After the Report and Recommendation was issued, the Court discovered that Plaintiff had moved again and had again not notified the Court of her new address. The Report and Recommendation was returned to the Court, Doc. 113. Eventually, the Clerk determined Plaintiff's current address and resent the Report and Recommendation. Doc. 115. Eventually, at Doc. 116, the Plaintiff responded to the Report and Recommendation. In the response, she indicated that she was going back on her promise to be available in Gainesville, Florida, but instead moved to have her deposition taken the very next week in Denver, Colorado. This is in direct contravention to the Report and Recommendation and the order at Doc. 60 which stated, in bold, "**However, when Plaintiff's deposition is rescheduled it shall be held here in the Northern District of Florida**." Doc. 60, p.4.

The Defendants had previously, at Doc. 112, filed objections to the Report and Recommendation, arguing that the history of this case demonstrates that any less drastic remedy than dismissal "would be ineffective because Plaintiff's unrepentant and repeated refusal to proceed with discovery in this case or comply with this Court's Orders." Doc. 112, p. 4. The Court agrees that enough is enough. Plaintiff has been given more than enough chances to cooperate in this case, and has not provided even token effort at complying with discovery. She has refused to cooperate with counsel to appear at deposition, and has failed to keep the Court apprised of her location. She has also repeatedly failed to follow the directives of the Court.

Under Fed. R. Civ. P. 37, sanctions for failing to comply with Court discovery orders and failing to attend a deposition include "dismissing the action or proceeding in whole or in part." Additionally, under Fed. R. Civ. P. 41(b), the Court can dismiss a case "if the plaintiff fails to

prosecute or to comply with these rules or a court order." For the reasons set out more fully in the Report and Recommendation in this case, the Court finds that dismissal under both of these rules is appropriate in this case.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The Report and Recommendation of the Magistrate Judge (Doc. 109) is rejected and the Motion to Dismiss, Doc. 79 (as amended by Doc. 93) is GRANTED.

Plaintiff's Emergency Motion to unilaterally set her opponent's deposition of her (docketed as Doc. 117, though originally attached to Doc. 116) is DENIED.

The renewed motion to dismiss at Doc. 119 is denied as moot.

This case is dismissed, and the Clerk is directed to close the file.

**DONE AND ORDERED** this _9th_ day of February, 2010

      *s/Maurice M. Paul*
      Maurice M. Paul, Senior District Judge